## LITTAUR v. NARRAGANSETT PIER R. CO.

### (Circuit Court, D. Rhode Island. May 28, 1894.)

#### No. 2,389.

RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.
One who drives a spirited horse across a railroad crossing without stopping to listen for a train, and is injured thereby, cannot recover for the injury, even though the view of the track was so obstructed by trees as to conceal the approaching train, and even though he checked his horse's speed, and listened for a train, since, if he had stopped his horse altogether, he might have heard the train.

Action by William Littaur against the Narragansett Pier Railroad Company. Plaintiff obtained a verdict. Defendant moves for a new trial.

R. Gardner and R. B. Comstock, for plaintiff.
B. W. Case and W. F. Angell, for defendant.

CARPENTER, District Judge. This is a motion for a new trial of an action at law, in which a verdict has been rendered for the plaintiff. The action is to recover damages for the negligence of the servants of the defendant, whereby the plaintiff was struck by an engine near Narragansett Pier, and injured. The testimony for the plaintiff is that he was driving a spirited horse on the road which crosses the railway; that at a point about five hundred feet from the crossing the road makes a turn nearly at right angles, and thence leads westward to the crossing; that the train approached from the north; that on the north side of the road are trees, not on the land of the defendant, which obstruct the view of a train approaching from the north,—the line of trees being, not continuous, but broken only by short intervals, and extending to a point within about 40 feet from the crossing; that he made the turn in the road, and drove westward, towards the track; that he checked the speed of his horse, and listened, after making the turn, and heard no sound of a train; that he looked for a train, as opportunity offered, through the intervals between the clumps of trees, and saw no train; that he looked towards the crossing, and that the flagman who is usually there when the trains are about to pass was absent; that the westward end of the lines of trees is so near the track that there would be danger in stopping the horse at that point to look up the track, from the fact that, at a point so near a train, it would be difficult to turn the horse without overturning the carriage; and that he drove forward, and came in collision with the

train at the crossing. On this statement, I think the verdict cannot be sustained. The duty of the plaintiff was to stop, to look, and to listen. If the view of the track was imperfect and interrupted, the duty to obtain all the information which could come through the ear remained equally peremptory. The horse was brought to a slow pace, so that there was very little sound from his feet or from the wagon; but, if he had been brought to a full stop, there would have been no disturbing noise, which the plaintiff could control, and I think he was bound to exhaust this source of information. The train was proceeding rapidly, and he was driving rapidly: They met at the crossing. It seems clear that they were so near to each other at any point of the 500 feet of road that there is a chance that he would have heard the train. Having neglected this method of informing himself, which he might safely have used, he has failed to use due diligence, and cannot, on this evidence, recover. The motion for a new trial will be granted.